NORTHEAST NEW JERSEY LEGAL SERVICES
By:  Catherine Davila, Esq. (CD2313)
152 Market Street, 6th floor
Paterson, New Jersey 07505
Tel.: (973) 523-2900 Fax: (973) 523-9002
Attorneys for Plaintiff / Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| In re:<br><br>        ANGELLA B. BROWN<br><br>            Debtor. | Chapter 7<br><br>Case No. 09-13843-RG<br><br>Adv. Pro. No. |
| ANGELLA B. BROWN<br><br>            Plaintiff<br><br>        v.<br><br>SADDLE BROOK SURGICENTER, INC.<br><br>            Defendant | |

**COMPLAINT**

Plaintiff, Angella B. Brown, by and through counsel, Northeast New Jersey Legal Services, Catherine Davila appearing, by way of complaint against defendants, hereby represents and alleges as follows:

**JURISDICTION AND VENUE**

1.      The Debtor/Plaintiff, Angella B. Brown, filed a voluntary petition under chapter 7 of the Bankruptcy Code on February 18, 2009, Case No. 09-13843. In her schedules, Debtor

Angella B. Brown claimed as exempt property funds in a bank account, held by state court levy, which are the subject of this adversary proceeding. These exempt bank funds were taken from Ms. Brown via a motion for turnover, which motion was not actually served upon Ms. Brown or her attorney. The motion was served upon a person "Maryalice Round," who never worked at Northeast New Jersey Legal Services.  Ms. Brown and her undersigned attorney never had the notice or opportunity, required by due process of law, to object to the loss of said funds.

2.      This adversary proceeding is commenced under Rule 7001(1), (2) of the Federal Rules of Bankruptcy Procedure by Plaintiff, seeking a determination that the January 2, 2009 Turnover Order is void due to lack of due process and avoiding the judgment lien pursuant to 11 U.S.C. §522(f).  Alternatively, Plaintiff seeks a determination setting aside a transfer of the Debtor's exempt property to Defendant, Saddle Brook SurgiCenter, Inc. and returning the $2,546.59 obtained by it pursuant to 11 U.S.C. §522(h) and 11 U.S.C. §547.

3.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334, 28 U.S.C. §157 and the Order of Reference entered by the District Court.

4.      Venue is proper in this district by virtue of 28 U.S.C. §1409(a), as this proceeding arises in and relates to a case under the Bankruptcy Code pending in this district.

5.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(F) and (K).

6.      This Complaint is filed pursuant to due process violations rendering the January 2, 2009 Turnover Order void ab initio, and as a result, seeks to avoid the judgment lien pursuant to 11 U.S.C. §522(f)(1)(A), and in the alternative, to set aside a transfer of the Debtor's exempt property to Defendant, Saddle Brook SurgiCenter, Inc. pursuant to 11 U.S.C. §522(h) and 11 U.S.C. §547.

2

## PARTIES

7.      Angella B. Brown, Plaintiff, lives at 302 East 32nd Street, Apt. 2, Paterson, New

Jersey.

8.      Defendant Saddle Brook SurgiCenter, Inc. (hereinafter "SBSC"), upon

information and belief, is a New Jersey corporation established, in part, to administer general

medical and surgical services in an ambulatory surgery center.  Defendant SBSC has an office at

289 Market Street, Suite 5, Saddle Brook, New Jersey 07663.

## STATEMENT OF FACTS

9.       On September 1, 2006, Defendant SBSC obtained a default judgment against

Plaintiff in the amount of $5,059.13 in *Saddle Brook SurgiCenter vs. Angela Munble Brown*,

DC-008176-06 in the Superior Court, Special Civil Part, Passaic County.  The claim of SBSC is

for medical services allegedly provided to plaintiff.

10.      On October 5, 2006, a Writ of Execution was issued.

11.      On September 12, 2008, Court Officer Ralph Trionfo of Passaic County levied on

Plaintiff's Certificate of Deposit at Wachovia Bank, 1144 Main Avenue, Clifton, NJ 07011 in the

amount of $2,645.69.

12.       On September 26, 2008, Plaintiff sent a proposed consent order to SBSC

exercising her $1,000 personal property exemption pursuant to *N.J.S.A.* 2A:17-19.   SBSC

refused to sign the consent order.

13.       On November 26, 2008, despite previous verbal and written communication

between counsel for Plaintiff and counsel for Defendant, SBSC filed a Motion to Turn Over

Funds, and did not provide actual notice to either Plaintiff or counsel for Plaintiff.  In its cover

3

letter to the court, counsel for SBSC alleged that he sent a copy to Northeast New Jersey Legal Services via Lawyer's Service.  However, in his certification of service, counsel for SBSC, Mr. Gregory Randazzo, certified that he served counsel for plaintiff, Catherine Davila, via regular and certified mail.  Neither Catherine Davila nor Northeast New Jersey Legal Services received the Motion to Turn Over Funds.  With no notice of this motion, neither Angella Brown nor her counsel could object to it.

14.    On January 2, 2009, unbeknownst to Plaintiff or counsel for Plaintiff, an Order for Turnover was entered directing Wachovia Bank to turn over $2,546.69 to Court Officer Ralph Trionfo.

15.    On February 18, 2009, Ms. Brown filed a voluntary petition under chapter 7 of the Bankruptcy Code.  Schedules B and C included the Certificate of Deposit at Wachovia Bank with a value of $2,676.01, subject to a hold for a levy.

16.    Shortly thereafter, via an inquiry at the Wachovia Bank, Plaintiff became aware that the Order for Turnover had been entered and the funds turned over to defendant.

17.    On February 25, 2009, Plaintiff, by and through counsel, advised Defendant that she had not received notice of the turnover motion and requested that the funds be returned to her.  Defendant refused and provided a copy of a Lawyer's Service receipt signed for by a "Maryalice Round".  There is no such person at Northeast New Jersey Legal Services.

## <u>COUNT ONE (DENIAL OF DUE PROCESS, 42 U.S.C. 1983)</u>

18.    Plaintiff repeats and re-alleges each of the allegations contained in the preceding paragraphs as if set forth fully herein.

19.    Neither Plaintiff nor Plaintiff's counsel received notice of the Motion to Turn Over Funds filed by SBSC on November 26, 2008, despite counsel for SBSC being on notice that Plaintiff was represented by counsel.

20.    Despite the alleged "proof of service" to a "Maryalice Round" at 152 Market Street, Paterson, NJ 07505 provided by defendant, no such person is employed by Northeast New Jersey Legal Services.  No such person Maryalice Rounds has ever been employed by Northeast New Jersey Legal Services. Therefore, there was no actual service of the Motion to Turn Over Funds upon Angella Brown and her counsel, who had no opportunity to contest same, nor any opportunity to assert Ms. Brown's right to a $1000.00 personal property exemption under New Jersey law.

21.    Neither Plaintiff nor Plaintiff's counsel received the Turnover Order entered on January 2, 2009.

22.    Defendant SBSC, under color of state law, using the state process of levy and Turnover Order, but not providing notice and an opportunity to be heard, deprived Plaintiff Angella B. Brown of her property without due process of law, violating Ms. Brown's rights under the United States Constitution and laws, in violation of 42 U.S.C. 1983, and Ms. Brown was damaged as a proximate result thereof. Since the Turnover Order was entered without actual notice to Ms. Brown or her counsel, it is void ab initio for lack of service.

## COUNT TWO (AVOID A LIEN)

23.     Plaintiff repeats and realleges each of the foregoing allegations as if set forth at length herein.

24.     If the Turnover Order is void for a lack of due process notice, then the situation reverts to that of a judgment lien on debtor's personal property.

25.     The $2,546.59 funds of the debtor in the Wachovia Bank were seized under levy under authority of the judgment in NJ Superior Court suit, DC-008176-06, *Saddle Brook SurgiCenter v. Angela Munble Brown,* on September 12, 2008.

26.     Debtor selected these funds as exempt property pursuant to 11 U.S.C. 522(d)(5). Pursuant to the Bankruptcy Code, all of the funds are exempt.

27.     Since the lien of the levy impairs the Debtor's exempt property, the debtor has the right to have the Court avoid this judicial lien pursuant to 11 U.S.C. §522(f)(1)(A).

28.     The exempt funds should then be turned over to the Debtor, as they will not be subject to administration by the Trustee.

## COUNT THREE (SET ASIDE A PREFERENCE)

29.     Plaintiff repeats and realleges each of the foregoing allegations as if set forth at length herein.

30.     Due process of law requires that, after ex parte seizure of bank account funds by levy, every individual debtor is entitled to an exemption hearing to determine whether the funds are exempt and should be returned to the debtor. No levy in New Jersey against an individual is complete until after a determination of the amount of the exempt property which shall be

6

returned to the debtor. The bank which received a levy holds onto the debtor's funds, in the bank's own account, until after the bank receives a Turnover order from the Superior Court. The Turnover Order either directs the bank to turn over the funds to a representative of the judgment creditor, or else to return the funds as exempt to the debtor. During the interim, the status of the funds is that they are in the possession of the bank; they belong to the debtor, subject to a judgment lien and subject to the debtor's claim of exemption. The Bankruptcy Court has exclusive jurisdiction over the property of the debtor.

31.    On January 2, 2009, a date less than ninety days prior to the commencement of this case, SBSC caused to be issued a Turnover Order of the Plaintiff's Certificate of Deposit at Wachovia Bank located at 1144 Main Avenue, Clifton, NJ 07011.

32.    Pursuant to this turnover, for payment of an antecedent debt to Defendant, Defendant collected $2,546.59.

33.    The Debtor could have exempted those funds in this case had they been recovered by the trustee as a preference under 11 U.S.C. §547.

34.    The trustee has not attempted to avoid this transfer.

35.    The aforesaid transfer to Defendant was not voluntary nor did the Debtor conceal any of the property involved.

36.    The transfer to Defendant on account of the antecedent debt to it, while the Debtor was insolvent, enabled Defendant to receive more than it would have received if the transfer had not been made, because the Defendant would have received no dividend in the Debtor's bankruptcy case.

7

**WHEREFORE**, Plaintiff Angella B. Brown respectfully requests this Honorable Court to enter judgment and grant relief against the defendant:

a.   Finding that Defendant, under color of state law, deprived Plaintiff of her property without due process, violating 42 U.S.C. 1983, due to lack of service, rendering it impossible to object to the Motion for Turnover, and finding that the January 2, 2009 Turnover Order is void ab initio;

b.   The $2,546.59 funds of the debtor in the Wachovia Bank, which were seized under levy under authority of the judgment in NJ Superior Court suit, DC-008176-06, *Saddle Brook SurgiCenter v. Angela Munble Brown,* on September 12, 2008, and which were selected as exempt property by the debtor pursuant to 11 U.S.C. 522(d)(5), are declared to be exempt property;

c.   Pursuant to 11 U.S.C. §522(f)(1)(A), since the judgment lien on said funds impairs her exemption, said lien is avoided;

d.   Ordering defendant Saddle Brook SurgiCenter to return $2,546.59 to Plaintiff pursuant to 11 U.S.C. § §522(d)(5), 522(f)(1)(A) and 542;

e.   Alternatively, ordering it to set aside a transfer of the Debtor's exempt property to Defendant, Saddle Brook SurgiCenter, Inc. and to return the $2,546.59 obtained by it pursuant to 11 U.S.C. §522(h) and 11 U.S.C. §547; and

f.   For such other and further relief as the Court may deem just and proper.

Dated:  May 1, 2009                      NORTHEAST NEW JERSEY LEGAL SERVICES
                                         Attorneys for Plaintiff

                          By:   */s/ Catherine Davila*
                                Catherine Davila

8